UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARGARET BREESE                                                                          PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 1:07CV1215-RHW

MICKEY G. ANDERSON et al                                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO DISMISS

Before the Court is Defendant U-Haul Co. of Mississippi's [12] Motion for Judgment on

the Pleadings.  In its motion, Defendant argues that Plaintiff's claims should be dismissed

because any alleged negligence by Defendant was not a proximate cause of Plaintiff's injuries.

The facts, as alleged in the complaint, are rather straightforward.  Plaintiff was a passenger in a

vehicle driving on U.S. Highway 49.  A wheel from a U-Haul trailer being towed by Mickey

Anderson came off and landed on the hood of the vehicle in which Plaintiff was a passenger.

The car stopped and pulled over to the side of the road.  The driver and three other passengers got

out of the car, but Plaintiff remained a while and then got out of the car.  She was nervous and

shaky as a result of the impact of the wheel.  When she stepped out, she stepped on a big rock or

gravel, slipped and fell, and fractured her right leg.  Defendant asserts that any negligence

attributable to U-Haul for the tire coming loose and striking the vehicle was, as a matter of law,

not a proximate cause of her tripping when she later exited that vehicle.

A motion for judgment on the pleadings, filed pursuant to Fed. R. Civ. P. 12(c), is

designed to dispose of cases where the material facts are not in dispute and a judgment on the

merits can be rendered by looking to the substance of the pleadings and any judicially noticed

facts.  *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).  The

central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid

claim for relief.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305,

312 (5th Cir. 2002).  The court may dismiss a claim when it is clear that the plaintiff can prove

no set of facts in support of her claim that would entitle her to relief.  *Id.*  The court accepts all

well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Id.* at 312-

13.  In reviewing the instant motion, the Court relies solely on the well-pleaded facts of

Plaintiff''s complaint as they relate to the law of proximate cause in the state of Mississippi.

Under well-established principles of Mississippi negligence law, an act which merely

furnishes the condition or occasion upon which injuries are received, but which does not put in

motion the agency by or through which the injuries are inflicted, does not constitute the

proximate cause of the harm.  *See Simmons v. Amerada Hess Corp.*, 619 F.2d 440, 441 (5th Cir.

1980);  *Entrican v. Ming*, 962 So.2d 28, 36 (2007);  *Robison v. McDowell*, 247 So.2d 686, 688

(Miss. 1971).

The Court finds that the facts of this case are similar to those presented in *Robison* and

*Mauney v. Gulf Refining Co.*, 9 So.2d 780 (Miss. 1942).  In *Robison*, the defendant, who was

driving a tractor, pulled out into a highway and blocked both lanes of travel.  As a result, the

plaintiff was required to stop his vehicle.  While stopped, a second vehicle hit him from behind.

The Mississippi Supreme Court held that although the jury was justified in finding that the driver

of the tractor negligently pulled out into the highway, his negligence was not the proximate cause

of the accident.  *Id.* at 688-89.  The Mississippi Supreme Court reversed the jury verdict, which

had been rendered in plaintiff's favor, and held that the trial court should have granted a

peremptory instruction in defendant's favor.  Similar to the defendant in *Robison*, U-Haul's

negligence, if any, merely furnished the condition or occasion upon which Plaintiff's injuries were received.  U-haul's alleged negligence caused the driver of the car in which Plaintiff was passenger to pull off to the side of the road.  Plaintiff was not injured by the flying tire.  Rather, Plaintiff was injured when she stepped out of the car and tripped on a rock.

In *Mauney*, the defendant's employee was delivering gasoline to a filling station.  During the process of the delivery, a fire started, which rapidly spread to the tank car and to the filling station itself.  The plaintiff was in a cafe approximately 50 feet from the filling station. When she heard people shouting about the fire, and seeing the fire herself, she turned to get her two-year old child.  Fearing for the safety for her child, the plaintiff intended to flee from the cafe.  In her haste to get to the child, the plaintiff fell over a misplaced chair, and as a result of the fall she suffered a miscarriage.  *Id.* at 780.  Analyzing the concept of proximate causation in great detail, the Mississippi Supreme Court affirmed the trial court's grant of a peremptory instruction in the defendant's favor.  As in *Mauney*, the Plaintiff's injury in this case was caused when she tripped over a rock subsequent to the Defendant's alleged negligence.  The injury occurred as a result of Plaintiff tripping and not as a consequence of U-Haul's alleged negligence.

The Court finds that the facts of the present case are sufficiently similar to those in *Robison* and *Mauney* to grant dismissal of the Plaintiff's lawsuit on the pleadings.

IT IS THEREFORE ORDERED that Defendant's [12] Motion to Dismiss is GRANTED and the lawsuit is dismissed with prejudice.

SO ORDERED, this the 31st day of July, 2008.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE